1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY JAMISON,                            No.  2:13-cv-01705 AC P

12                    Plaintiff,

13         v.                                     ORDER AND FINDINGS AND
                                                  RECOMMENDATION
14    SAMBRAJYA PALAGUMMI,

15                    Defendant.

16

17         Plaintiff, who is currently a prisoner at Deuel Vocational Institution, is proceeding pro se

18    and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Pending before the court is

19    petitioner's motion for an emergency injunction.  ECF No. 14.  This matter was referred to the

20    undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to

21    jurisdiction by United States Magistrate Judge.

22         In the motion for an emergency injunction, plaintiff requests "sanctions and [an] order for

23    a monetary fine to be imposed" on defendant Dr. Palagummi based on ongoing "deliberate

24    indifference, discrimination, malice, negligence, and verbal[] threat[s]…. ECF No. 14 at 3, 26.

25    Attached to the motion are copies of plaintiff's medical records documenting his ongoing medical

26    problems.[1]

27    _____

28    [1]  To the extent that plaintiff also references an order that was entered on March 21, 2012 in
      (continued…)

                                                  1

1    By order of October 18, 2013, the undersigned screened plaintiff's complaint and found

2    that it stated a cognizable claim under the Eighth Amendment against Dr. Palagummi for

3    deliberate indifference to his serious medical needs.  ECF No. 8.  The complaint was ordered

4    served on defendant Dr. Palagummi on November 5, 2013.  ECF No. 12.  Because defendant Dr.

5    Palagummi has yet to be served with the complaint, the undersigned finds that the motion is

6    premature.  Furthermore, plaintiff's allegations as to the need for injunctive relief are abbreviated,

7    vague and conclusory, not affording the court the opportunity to weigh the allegations.  In his

8    declaration attached to the motion, plaintiff states that "Dr. Palagummi and CDC's racial

9    discriminatory, homophobic, and vindictiveness is evident in the documents submitted."  These

10   conclusory statements fail to meet the legal standard for the issuance of a preliminary injunction

11   for the reasons outlined below.

12                    Standards Governing Issuance of a Preliminary Injunction

13   "A preliminary injunction is an 'extraordinary and drastic remedy' ... never awarded as of

14   right."  Munaf v. Geren, 553 U.S. 674, 689 90 (2008) (internal citations omitted).  "A plaintiff

15   seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

16   is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

17   tips in his favor, and that an injunction is in the public interest."  Am. Trucking Assn, Inc. v. City

18   of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def.

19   Council, Inc., 555 U.S. 7, 20 (2008)).  The two formulations represent two points on a sliding

20   scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762

21   F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a

22   significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible

23   irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

24   _____

25   Jamison v. Davis Enterprise Newspaper, et.al., 2:10-cv-00124 KJM EFB, adopting the parties'
     stipulation regarding injunctive relief, and attaches correspondence to him concerning the

26   Armstrong v. Brown class action lawsuit against the CDCR and the attendant Armstrong remedial
     plan, these are separate civil actions that do not have a bearing on resolution of the instant motion.

27   See Armstrong v. Brown, No. 94-2307-CW (N.D. Cal.).

28

                                                     2

1   In cases brought by prisoners involving conditions of confinement, any preliminary

2   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

3   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

4   harm."  18 U.S.C. § 3626(a)(2).

5   Analysis

6   As noted above, in the absence of a significant showing of possible irreparable harm, the

7   court need not reach the issue of likelihood of success on the merits.  Oakland Tribune, supra, at

8   1376.  Plaintiff's motion focuses on the latter without making any showing as to the former.  ECF

9   No. 14 at 3.  In fact, plaintiff stated in the motion that "since Plaintiff has shown a clear, concise

10  and strong case against the defendant, with indisputable evidence as support… plaintiff[']s

11  chance of success is high in this action."  Id.  The Eighth Amendment claim against Dr.

12  Palagummi alleges that defendant acted with deliberate indifference to plaintiff's disability by

13  refusing to order knee surgery, provide soft insoles, and provide pain medication.  Neither the

14  complaint nor the instant motion contains any facts showing that irreparable harm is likely in the

15  absence of preliminary relief.  The undersigned recommends denial of plaintiff's motion because

16  there is no showing of possible irreparable harm.

17  Request for Appointment of Counsel

18  In the motion for a preliminary injunction plaintiff also seeks the appointment of counsel.

19  ECF No. 14 at 3.  The United States Supreme Court has ruled that district courts lack authority to

20  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

21  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

22  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

24  the present case, the undersigned does not find the required exceptional circumstances.  Plaintiff's

25  request for the appointment of counsel will therefore be denied without prejudice.

26  Accordingly, IT IS ORDERED that:

27  1.   Plaintiff's request for the appointment of counsel is denied.

28  2.   The clerk of court shall randomly assign this case to a district judge.

3

1    IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction, ECF No. 14,

2  be denied without prejudice.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

5  after being served with these findings and recommendations, the plaintiff may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that

8  failure to file objections within the specified time may waive the right to appeal the District

9  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: November 15,2013

11                                              _____
                                                ALLISON CLAIRE
12                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28