UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. JAMISON, | No. 2:13-cv-01705 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAMBRAJYA PALAGUMMI, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court is plaintiff's motion to recall his consent to allow the magistrate judge to oversee all further proceedings. ECF No. 46.

I.   Procedural History

On August 23, 2013, just four days after the instant civil rights action was commenced, plaintiff filed an election regarding consent to proceed before a Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. ECF No. 6. The election document was a form containing notice to the parties that they could voluntarily consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in the case, including dispositive matters and entry of final judgment. Id. However, it was further stated that if a party declines to consent a Magistrate Judge would continue to perform all duties as required by Eastern District Local Rule 302. Id. In the portion of the form in which plaintiff was directed

1

1 to check the box indicating his decision regarding consent, plaintiff signed his name underneath
2 the statement indicating that "[t]he undersigned hereby voluntarily consents to have a United
3 States Magistrate Judge conduct all further proceedings in this case." Id.
4 II.     Motion to Withdraw Consent
5         Plaintiff alleges in his motion that he suffers from bipolar disorder and depression and that
6 he did not fully understand what consenting to magistrate judge jurisdiction for all further
7 proceedings meant. ECF No. 45 at 1-2. He requests that the case be assigned to a district judge
8 for a jury trial and that he be appointed counsel due to his mental health status. Id.
9 III.    Analysis
10        Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference
11 can be withdrawn only "for good cause shown on its own motion, or under extraordinary
12 circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480
13 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to
14 trial and other proceedings before a magistrate judge."). A referral to a magistrate judge will not
15 be vacated where a party has consented in a signed writing to Magistrate Judge jurisdiction, the
16 party fails to make a motion to vacate the reference that is supported by a showing of
17 extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of
18 consent. Id.
19        Here, the Court finds that plaintiff's consent to the jurisdiction of a United States
20 Magistrate Judge to conduct all further proceedings in the case, including the entry of final
21 judgment, by manifesting his express consent in writing is binding. No good cause for
22 withdrawal of consent appears on the basis of plaintiff's motion. Nowhere in his motion does
23 plaintiff explain how his mental health condition affects or limits his understanding of written
24 documents or his ability to make decisions for himself. Under the circumstances, the Court
25 concludes that plaintiff has not established good cause to withdraw his consent to magistrate
26 jurisdiction. 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d at 480.
27        To the extent that plaintiff requests the appointment of counsel on the same grounds, the
28 court denied plaintiff's subsequent motion to appoint counsel by an order entered on June 4,

1 | 2014.  ECF No. 52.  Therefore, this earlier-filed request is moot in light of the subsequent court
2 | order denying the same.
3 |      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recall his consent to
4 | the magistrate judge (ECF No. 45) is denied.
5 | DATED: June 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE