UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:13-cv-1705 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAMBRAJYA PALAGUMMI, | |
| Defendant. | |

Pending before the court are the following motions: (1) defendant moves for clarification of the court's November 5, 2014 order on the parties' cross-motions for summary judgment; (2) plaintiff, a state prisoner proceeding pro se with a civil rights action, moves for the appointment of counsel; (3) plaintiff moves for an emergency injunction requiring "defendants CDC medical facilitators" to provide plaintiff with pain medication, and for an emergency injunction appointing a doctor to address his pain issues. Both parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 6 & 21. For the reasons set forth below, the first two motions will be denied, and defendant will be required to respond to the third motion, to the degree it seeks emergency injunctive relief.

1. Defendant's motion for clarification

In the court's November 5, 2014 order, which resolved the parties' cross-motions for summary judgment, the court held that plaintiff's exhaustion of his "Appeal 1775" was excused

1

1  because the erroneous instructions he was given on how to proceed with the appeal effectively
2  blocked him from exhausting the appeal.  The court further held that plaintiff could have
3  exhausted this appeal had he been properly instructed.  Defendant seeks "clarification" because,
4  he asserts, the court's order must have resulted from a clerical mistake or from oversight or
5  omission.
6      First, defendant argues that the court must have overlooked his "uncontested" evidence
7  that plaintiff "could not have exhausted his 602 health care appeal 1775 within a period of only
8  two months, which is how little time Plaintiff waited before filing his lawsuit after he was first
9  seen by Dr. Palagummi." ECF No. 60 at 2.  Second, defendant seeks clarification of how the
10 court concluded that plaintiff "'could have exhausted his appeal' . . . during this two month period
11 despite the fact that neither side submitted any evidence to show that this appeal could have been
12 processed through the Third or Director level in only two months." ECF No. 60 at 2 (emphasis in
13 text).
14     There is no need for clarification of either matter.  First, defendant's "evidence" about the
15 amount of time it would take for plaintiff to exhaust Appeal 1775 claim is not relevant, since the
16 court held that exhaustion was excused, not that it had been completed in two months.  Second,
17 the court did not hold that plaintiff could have exhausted his appeal "during this two month
18 period."  Rather, the court held that "plaintiff could have exhausted his appeal had he been
19 properly instructed," not that he could have done so within a two month time period.[1]  The motion

---

[1] Moreover, defendant's "evidence" that the appeal could not have been exhausted in less than four months is not persuasive.  Defendant, in his brief, argues that at least four months of "working days" are required for exhaustion, an apparent reference to Cal. Code Regs., tit. 15, § 3084.8, which sets forth the "Appeal Time Limits."  In order to reach this conclusion, defendant must be reading the regulation – incorrectly – to require that each appeal decision be completed no sooner than 30 working days from the date of each appeal.  But that is not what the regulation says.  It requires that the appeal be filed "within 30 calendar days" of the event complained of, and that each appeal decision be completed "within 30 working days." Id., § 3084.8(b) & (c).  If defendant means to say that the prison stretches out every appeal to the maximum time permitted by the regulation, even when it could decide the appeal more quickly, then he should say so.  The Luyster Declaration also asserts that it would take 4 months to exhaust the appeal.  The court does not read the declaration as asserting that every appeal decision, at every level, is needlessly stretched to the full 30 day limit, but rather, that Luyster is interpreting the regulation consistently (continued…)

2

for clarification will accordingly be denied.

  2. <u>Plaintiff's motion for appointment of counsel</u>

  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Accordingly, the motion for appointment of counsel will be denied, without prejudice.

  3. <u>Plaintiff's emergency request for pain medication and a new doctor</u>[2]

  This court has permitted this lawsuit to proceed on plaintiff's claim of deliberate indifference to his serious medical needs in that, among other things, he has been denied proper pain management, including pain medication. On November 19 and 21, 2014, plaintiff filed motions, which the court construes as requests for a preliminary injunction, asking the court to order that his pain medications be restored, and that he be appointed a different doctor to manage his pain. Plaintiff alleges that Dr. Palagummi, the last remaining named defendant, is deliberately indifferent to plaintiff's serious medical needs, and specifically, that defendant has stopped plaintiff's necessary pain and seizure medication for no medical reason. Defendant will be ordered to respond to this motion.

---

with defendant's brief. In that case, Luyster's assertion is not "evidence," but a legal conclusion.
[2] Plaintiff's emergency motion for appointment of a new doctor is included in his motion for appointment of counsel.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendant Dr. Palagummi must file a response to the plaintiff's emergency motions (ECF Nos. 63 & 64), other than the request for appointment of counsel. The court construes those motions as motions for preliminary injunctive relief for an order directing the renewal of plaintiff's pain and seizure medication. There will be no extension of time granted for defendant's response;

2. Plaintiff's motion for appointment of counsel (ECF No. 63) is DENIED without prejudice;

3. Defendant's motion for clarification (ECF No. 60), construed as a motion for relief under Fed. R. Civ. P. 60(a) & (b), is DENIED.

DATED: December 1, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE