UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>SAMBRAJYA PALAGUMMI,<br><br>Defendant. | No. 2:13-cv-1705 AC P<br><br><br><br>ORDER |

Plaintiff is proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. Both parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 6 & 21.

Pending before the court are plaintiff's motions for "injunctive relief" and for "emergency injunctive relief," requiring "defendants CDC medical facilitators" to provide plaintiff with pain medication, and a different primary care doctor to address his pain issues. The motions, which the court construes as requests for a preliminary injunction, have been fully briefed. For the reasons set forth below, the motions will be denied.

I. LEGAL STANDARD FOR ISSUANCE OF A PRELIMINARY INJUNCTION

> A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968 (1997) (per curiam) (citation omitted). To obtain preliminary injunctive relief, [the movant] must demonstrate that: 1) he is likely to succeed on the merits of such a claim; 2) he is likely to suffer irreparable harm in the absence of preliminary

1

relief; 3) the balance of equities tips in his favor; and 4) that an injunction is in the public interest. Winter v. NRDC, 555 U.S. 7, 20 (2008).

Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012). There is a "serious questions" variation of this standard, under which, rather than requiring a "likelihood" of success on the merits, the court examines whether there are "serious questions" going to the merits:

> Under the "serious questions" variation of the test, a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). The elements of the preliminary injunction test must be balanced, so that a stronger showing of one element may offset a weaker showing of another. "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id., at 1135.

Lopez, 680 F.3d at 1072.

## II. ANALYSIS

This court has permitted this lawsuit to proceed on plaintiff's claim of deliberate indifference to his serious medical needs, based on allegations that plaintiff has been denied proper pain management, including pain medication. Plaintiff alleges that Dr. Palagummi, the last remaining named defendant, has stopped plaintiff's necessary pain and seizure medication for no medical reason and with deliberate indifference to plaintiff's serious medical needs.

The undisputed evidence shows that: (1) plaintiff is housed at a facility in Corcoran, California (Plaintiff's Change of Address, ECF No. 58); (2) Dr. Palagummi is employed at a facility in Tracy, California (Palagummi Declaration, ECF No. 67-1 ¶ 2); (3) Dr. Palagummi is no longer a treating physician for plaintiff (id., ¶ 3); and (4) Dr. Palagummi lacks "the ability or authority to prescribe any form of medical treatment or medication for him [plaintiff] at this point" (id.).

Plaintiff asserts that the prison authorities keep changing his primary care doctor in order to avoid having to answer for depriving plaintiff of needed pain medication, and that his current doctor, who is not a defendant, has simply continued Dr. Palagummi's alleged practice of denying

2

plaintiff needed pain medication "knowingly and with malicious intent." Reply, ECF No. 68 at 2-3. The court can, in certain circumstances, order relief against a defendant who has ceased his unlawful conduct, where the defendant's conduct is "capable of repetition" yet evades judicial review. See Alcoa, Inc. v. Bonneville Power Admin., 698 F.3d 774, 786 (9th Cir. 2012) ("if a particular plaintiff is likely to suffer the same or very similar harm at the hands of the same defendant, the alleged wrongdoer should not be permitted to escape responsibility simply because the transaction is completed before an appellate court has a chance to review the case").

In this case however, plaintiff has made no showing that there is any chance that Dr. Palagummi will resume his treatment of plaintiff. To the contrary, the undisputed evidence shows that Dr. Palagummi saw and treated plaintiff "on only one occasion, on June 6, 2013." ECF No. 67-1 ¶ 3. Nor has plaintiff made any showing that Dr. Palagummi has any authority to provide a different primary care doctor for plaintiff.

As the complaint currently stands, with Dr. Palagummi the only remaining defendant, plaintiff has not shown that he has a likelihood of success on the merits, or that there are even serious questions going to the merits. Without a showing of a likelihood of success on the merits, or serious questions going to the merits, there is no need to examine the other requirements for issuance of a preliminary injunction, since each requirement must be shown. By suing a particular treating physician who saw plaintiff only one time, plaintiff has deprived the court of the ability to provide relief.[1]

////

////

////

---

[1] Plaintiff did originally sue "Dr. Kim," who was alleged to be the Chief of the Medical Staff at Deuel Vocational Institution ("DVI"), located in Tracy, California, where plaintiff was incarcerated at the time he filed his complaint. ECF No. 1 at 2. However, Dr. Kim was dismissed from the lawsuit as there were no allegations that she participated in any wrongdoing, and respondeat superior liability does not lie in a Section 1983 lawsuit. ECF No. 8 at 5. Plaintiff then declined to amend his complaint to state a claim against Dr. Kim. In any event, there is nothing in the record to indicate that Dr. Kim has any authority over the treating physicians at the Corcoran, California facility where plaintiff is currently incarcerated.

III. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motions for preliminary injunctive relief (ECF Nos. 64 & 66), are DENIED.

DATED: December 31, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE