UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:13-cv-1705 AC P |
| Plaintiff, | |
| v. | ORDER |
| SAMBRAJYA PALAGUMMI, | |
| Defendant. | |

Plaintiff is proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. Both parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 21. Currently before the court are plaintiff's (1) documents in support of request for emergency injunction (ECF No. 71); (2) motion to support request for emergency injunction (ECF No. 72); (3) motion to submit documents (ECF No. 73); (4) motion for assistance of counsel to conduct a deposition and to compel defendant to be present at deposition (ECF No. 78); and (5) motion for assistance of counsel at trial (ECF No. 81).

Based upon plaintiff's certificates of service, it appears the documents filed at ECF Nos. 71-73 were mailed prior to plaintiff's receipt of the January 5, 2015 order denying his requests for preliminary injunction (ECF No. 70). It therefore appears that these documents were intended to supplement his previous requests (ECF Nos. 63, 64, 66). The arguments and documents submitted offer nothing new and do not change the court's previous analysis of plaintiff's

requests for preliminary injunction. Accordingly, the court will disregard the documents at ECF Nos. 71-73.

Plaintiff has also requested the appointment of counsel to assist him with conducting a deposition and trial. ECF Nos. 78, 81. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Additionally, the time for conducting depositions has passed and any requests related to trial are premature, as a trial has yet to be scheduled. Plaintiff's requests for the appointment of counsel will therefore be denied.

Finally, plaintiff seeks an order compelling defendant "to be present at the deposition and answer all questions." ECF no. 78 at 1. There is no evidence that plaintiff has attempted to depose defendant or that defendant has refused to be deposed, and it appears that plaintiff may be seeking the court's assistance in arranging defendant's deposition.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). To the extent he is seeking it, plaintiff does not require the court's permission to take defendant's deposition and the court cannot order defendant to arrange for plaintiff to take her deposition. Additionally, as defendant points out, the time for discovery and motions to compel has passed (ECF No. 42), making plaintiff's motion untimely.

Plaintiff's argument that good cause exists because he was hospitalized and subsequently housed at a county facility from May to September 2014, is unconvincing, especially in light of the various requests for preliminary injunction filed after his return to state custody and prior to

the discovery deadline (ECF Nos. 63, 64, 66). The fact that plaintiff "spent the remainder of the summer of 2014 fighting his criminal case" does not excuse him from his obligations in this case, and he fails to offer any explanation as to why he was unable to at least file a timely motion to extend the deadlines if such an extension was necessary. ECF No. 80. For these reasons, the court will deny plaintiff's motion to compel.

Accordingly, IT IS HEREBY ORDERED that:

1. The documents at ECF Nos. 71, 72, and 73 are disregarded.

2. Plaintiff's motions for the appointment of counsel (ECF Nos. 78, 81) are denied.

3. Plaintiff's motion to compel (ECF No. 78) is denied.

DATED: March 24, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3